

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Case No. **'08 MJ 8433** |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION |
| v. | ) | OF: |
| | ) | Title 18, U.S.C., Sections 842(a)(2); |
| | ) | (i)(1); 1028A(a)(7) - |
| | ) | Use of False Identification to Obtain |
| | ) | Explosive Materials; Felon in |
| | ) | Possession of Explosive Materials; |
| | ) | Fraud in Connection |
| **RACHELLE LYNETTE CARLOCK,** | ) | with Identification |
| | ) | Documents |
| Defendant. | ) | |

The undersigned complainant, being duly sworn, states:

### Count 1

On or about April 7, 2008, within the Southern District of California, defendant, Rachelle Lynette Carlock, knowingly furnished and exhibited a false, fictitious, and misrepresented identification, to wit, a California Driver;s License in the name of "S.M.G." to a licensed dealer in explosive materials, which identification was intended to deceive and likely to deceive said dealer, for the purpose of obtaining explosive materials pursuant to Chapter 40 of Title 18 of the United States Code, in violation of Title 18, United States Code, Sections 842(a)(2) and 844(a).

### Count 2

On or about May 1, 2008, within the Southern District of California, defendant, Rachelle Lynette Carlock, knowingly furnished and exhibited a false, fictitious, and misrepresented identification, to wit, a California Driver's License in the name of "S.M.G." to a licensed dealer in explosive materials, which identification was intended to deceive and likely to deceive said dealer, for the purpose of obtaining explosive materials pursuant to Chapter 40 of Title 18 of the United States Code, in violation of Title 18, United States Code, Sections 842(a)(2) and 844(a).

### Count 3

On or about May 13, 2008, within the Southern District of California, defendant, Rachelle Lynette Carlock, knowingly furnished and exhibited a false, fictitious, and misrepresented identification, to wit, a California Driver's License in the name of "S.M.G." to a licensed dealer in explosive materials, which identification was intended to deceive and likely to deceive said dealer, for the purpose of obtaining explosive materials pursuant to Chapter 40 of Title 18 of the United States Code, in violation of Title 18, United States Code, Sections 842(a)(2) and 844(a).

### Count 4

On or about the April 7, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, who had been convicted in the San Diego Superior Court, on November 11, 1999, of California Penal Code Section 211, a crime punishable by imprisonment for a term exceeding one year, knowingly received and possessed explosive materials, namely, Hodgdon's Triple Se7en Powder (a smokeless powder), which had been shipped and transported in interstate commerce from Herrington, Kansas to San Diego, California, in violation of Title 18, United States Code, Sections 842(i) and 844(a).

### Count 5

On or about the May 1, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, who had been convicted in the San Diego Superior Court, on November 11, 1999, of California Penal Code Section 211, a crime punishable by imprisonment for a term exceeding one year, knowingly received and possessed explosive materials, namely, Hodgdon's Triple Se7en Powder (a smokeless powder), which had been shipped and transported in interstate commerce from Herrington, Kansas to San Diego, California, in violation of Title 18, United States Code, Sections 842(i) and 844(a).

### Count 6

On or about April 7, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, did knowingly possess and use, in and affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, a California Driver's License in the name of "S.M.G." with the intent to commit unlawful activities that constitute a violation of Federal law, to wit, Use of False Identification to Obtain Explosive Materials in violation of Title 18, United States Code Section 842(a)(2) and Felon in Possession of Explosive Materials in violation of Title 18, United States Code Section 842 (i)(1); all in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(2)(B).

### Count 7

On or about May 1, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, did knowingly possess and use, in and affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, a California Driver's License in the name of "S.M.G." with the intent to commit unlawful activities that constitute a violation of Federal law, to wit, Use of False Identification to Obtain Explosive Materials in violation of Title 18, United States Code Section 842(a)(2) and Felon in Possession of Explosive Materials in violation of Title 18, United States Code Section 842 (i)(1); all in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(2)(B).

### Count 8

On or about May 13, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, did knowingly possess and use, in and affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, a California Driver's License in the name of "S.M.G." with the intent to commit unlawful activities that constitute a violation of Federal law, to wit, Use of False Identification to Obtain Explosive Materials in violation of Title 18, United States Code Section 842(a)(2) and Felon in Possession of Explosive Materials in violation of Title 18, United States Code Section 842 (i)(1); all in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(2)(B).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS _16th_ DAY OF MAY, 2008.

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I declare, under penalty of perjury, the following is true and correct:

I, Ronald T. Ribail, being duly sworn, depose and state:

I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed for the past five years. I am currently assigned to the Imperial County Resident Agency of the San Diego Field Office, where my primary investigative responsibilities are to conduct counter-terrorism investigations.

In addition to the experience gained over the past five years, I have received extensive training in conducting complex investigations and the preparation and execution of search warrants, while at the FBI Academy in Quantico, Virginia.

## VIOLATIONS BEING INVESTIGATED

Your affiant is investigating violations of Title 18, United States Code, Section 842(a)(2) and (i)(1), Use of False Identification to Obtain Explosive Materials and Felon in Possession of Explosive Materials, and Title 18, United States Code, Section 1028(a)(7), Fraud in Connection with Identification Documents.

In preparing this affidavit, I have relied upon information made available to me by other law enforcement officers and agencies.

I have not set forth each and every detail obtained over the course of this investigation. I have only set forth those facts and circumstances that I believe are necessary to establish probable cause to believe Rachelle Lynette Carlock committed the above referenced crimes.

## POWDER PURCHASE AT GUN STORE IN SAN DIEGO COUNTY

On May 13, 2008, information was received indicating that a suspicious person was attempting to purchase various granular sizes of *Hodgdon's TRIPLE SE7EN* powder at a gun store located in San Diego County (hereinafter referred to as gun store). Further investigation indicated the following: an African American female with curly hair extending down past her shoulders approached an employee of the gun store, (a Federal Firearms Licensee), licensed to deal in explosives, about a powder purchase. The employee identified two bottles of black powder which the female was interested in and set them on the counter for her to inspect. The employee obtained the female's identification card (a California driver's license) which is part of the record-keeping process for making a powder purchase. The employee was going to transcribe the information from the driver's license onto an information sheet, but another employee verbally reminded him of the new store policy, which is to obtain a photocopy of the identification card. The female acted surprised by this new procedure and departed the store.

The female walked back into the store after approximately five minutes and informed the employee that she no longer desired to conduct the powder purchase. Furthermore, she wanted the photocopy of her identification card back from the store. The employee responded that he would give her the photocopy back, but had to first ask his supervisor if it was permissible. The employee went into a back room and made a second copy of the original photocopy, then returned to the female at the counter, providing her with one of the two copies. The female then departed the store.

The two bottles presented to the female for inspection were handled by her. When investigators arrived at the gun store, the store employees provided the original two bottles.

These bottles were taken into custody for potential latent fingerprint analysis. One of the bottles was labeled as *Hodgdon TRIPLE SE7EN* in FFG granular size.

The identification card presented by the female had a photograph on it which store employees and video surveillance indicated matched her actual appearance. The California driver's license (CDL) number on the identification card, when queried with California Department of Motor Vehicles, resulted in a record that contained a picture of a completely different person (different race, height, and weight). The name on this identification card was S.M.G. (I have intentionally excluded the complete name on the CDL to protect the identity of that individual, who appears to have no relation to these events, but instead appears to be the innocent victim of an identity theft.)

San Diego Police Department records indicate that in 2007, an individual named S.M.G. was a crime victim. The report indicated that the crime involved False Personation. Local law enforcement indicated that this charge was a type of identity theft. Further investigation indicated that the crime involved was the attempted or actual cashing of checks in the name of S.M.G. by another unknown person.

The gun store records were reviewed for earlier purchases of powder by anyone identifying themselves as S.M.G. They indicated that on April 7, 2008, someone identified as S.M.G. made a purchase of two pounds of *Hodgdon TRIPLE SE7EN* powder. Additionally, on May 1, 2008, someone identified as S.M.G. bought an additional two pounds of *Hodgdon TRIPLE SE7EN* powder.

### CARLOCK'S TRUE CALIFORNIA DRIVER'S LICENSE

Carlock's true California driver's license record, containing a photograph, was located. The photograph associated with Carlock's CDL is the same photograph used on SMG's CDL. In

other words, it appears as if SMG's CDL was altered by substituting Carlock's photograph for SMG's photograph.

Furthermore, the gun store provided a copy of the video recording from inside the store. The videotape from May 13, 2008, was reviewed by agents. The videotape depicts a female matching Carlock's description, as well as the photographs on Carlock's CDL, and the altered SMG CDL used in the transactions at the gun store.

A review of California law enforcement records indicate that Carlock has a tattoo on her right inside forearm that depicts the name "TONY" in script. An employee at the gun store who saw the suspicious black female on May 13, 2008, indicated that they saw a tattoo on her arm that spelled "TONY."

## CARLOCK'S PRIOR FELONY CONVICTION

ATF Special Agent Galvan has informed me that San Diego County District Attorney Investigator Ken Freshwater told him that on November 11, 1999, in the San Diego Superior Court, Rachelle Lynette Carlock was convicted of California Penal Code Section 211, and sentenced to two years in state prison. Upon completing her prison term she was paroled to a half-way house in San Diego, and ultimately completed her parole in 2006.

## CONCLUSION

Based on the aforementioned information, the author believes that probable cause exists for the arrest of Rachelle Lynette Carlock, for a violation of Title 18, United States Code Sections 842(a)(2); 842 (i)(1); and 1028(a)(7).

Ronald T. Ribail
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me
this 16th day of May, 2008

PETER C. LEWIS
United States Magistrate Judge